# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | CASE NO. 1:07-cv-01829-OWW-MJS (PC) |
| Plaintiff, | ORDER RECOMMENDING THAT ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| VIRGINIA ESTRELLADO, | (ECF No. 12) |
| Defendant. | PLAINTIFF'S OBJECTIONS DUE 10/13/10 |

**Findings and Recommendation Resulting From Screening of Plaintiff's Second Amended Complaint**

**I.    Procedural History**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on December 17, 2007. (ECF No. 1.) After determining that such Complaint failed to state a claim upon which relief could be granted, the Court dismissed Plaintiff's Complaint with leave to amend. (ECF No. 6.) Plaintiff'S First Amendment Complaint was filed on July 23, 2008. (ECF No. 8.) The Court found that Plaintiff still failed to state a claim and granted Plaintiff leave to amend. (ECF No. 11.) Plaintiff's Second Amended Complaint was filed on February 18, 2010 and is now pending before the Court.

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

### III.  Plaintiff's Claims

Plaintiff alleges that on November 17,[1] he awoke with severe chest pains.  He sought assistance from Defendant.  Defendant was not at her assigned post, and Plaintiff was forced to hunt her down.  This effort compounded the stress on his heart and when Plaintiff finally located Defendant, he was out of breath and unable to speak.  Another staff member responded and rendered aid such that Plaintiff regained his ability to speak. Plaintiff informed Defendant that he wanted his vitals taken and an EKG.  Defendant told Plaintiff that an EKG was expensive and that Plaintiff was not worth the money.

The other staff member took Plaintiff's vitals.  Plaintiff's blood pressure was 156/97

---

[1] The year is not specified in Plaintiff's Amended Complaint.

1  and his pulse was 116.  Plaintiff alleges that he was very close to a full arrest and that his
2  heart was fighting for oxygen.
3　　　　　A prisoner's claim of inadequate medical care does not rise to the level of an Eighth
4  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
5  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
6  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
7  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).
8　　　　　A prison official does not act in a deliberately indifferent manner unless the official
9  "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan,
10 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Deliberate indifference may be manifested
11 "when prison officials deny, delay or intentionally interfere with medical treatment," or in the
12 manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d
13 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104
14 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in
15 receiving medical treatment, the delay must have led to further harm in order for the
16 prisoner to make a claim of deliberate  indifference to serious medical needs. McGuckin,
17 974 F.2d at 1060 (citing Shapely v.Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
18 407 (9th Cir. 1985)).
19　　　　The Court finds that Plaintiff's allegations fall short of stating any plausible claims
20 arising from constitutionally inadequate medical care.  "Deliberate indifference is a high
21 legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must
22 not only 'be aware of the facts from which the inference could be drawn that a substantial
23 risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi  at
24 1057 (quoting Farmer, 511 U.S. at 837).
25　　　　 The fact that Defendant was not at her post when Plaintiff sought medical treatment
26 does not state a claim for the Eighth Amendment violation because Defendant was
27 unaware of Plaintiff's medical condition at that time.  Once Plaintiff located Defendant and
28 made her aware of his medical condition, Plaintiff's allegations show that he was given

medical assistance by a medical attendant. The fact that Defendant made derogatory comments to Plaintiff while he was being treated by her associate does not state a claim for deliberate indifference. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004) (claims of derogatory comments by prison official are insufficient to state an Eighth Amendment violation).

To the extent that there was any delay between Plaintiff being denied treatment by Defendant and receiving medical attention from her associate, Plaintiff has failed to allege that this delay caused him further harm. As such, he has failed to state a claim based on delay in providing medical care. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The fact that Plaintiff disagreed with the failure to provide an EKG does not state a claim for deliberate indifference. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). Plaintiff has not alleged facts showing that the failure to provide an EKG was medically unacceptable or that the decision to refuse an EKG was made in conscious disregard for a serious risk to Plaintiff's health. In fact, Plaintiff has failed to allege that there was any damage that resulted from Defendant's failure to treat Plaintiff as Plaintiff wanted.

**IV.   Conclusion and Recommendation**

The Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff was previously given notice of the deficiencies

and the opportunity to amend, and based on the record in this case, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint be dismissed, with prejudice, for failure to state a claim under section 1983 and that Plaintiff not be given leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Plaintiff may file written objections with the Court no later than **October 13, 2010**. Should Plaintiff choose to file objections, they should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 7, 2010        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE